## Newton v. Grubbs.

(Decided October 24, 1913).

### Appeal from Butler Circuit Court.

1. **Libel and Slander—Innuendo—Evidence—Instructions.**—In an action for slander, where the evidence fails to show defendant spoke of or concerning plaintiff the words charged, or that he by innuendo charged plaintiff with the offense embraced in the words, a peremptory instruction to find for defendant should be given, although the defendant did speak the words of and concerning another woman, the witnesses at the time believing from other rumors that he referred to plaintiff.

ERNEST WOODWARD, W. A. HELM and M. L. HEAVRIN for appellant.

N. T. HOWARD and HERDMAN & GARDNER for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an action for slander by appellant against appellee.

The answer denied the speaking of the words of or concerning the plaintiff.

Defendant is a practicing physician, and to several persons had related an experience in his practice with a young woman; but not only did he never use appellant's name in that connection, but never so far as this record shows did he ever indicate who the young woman was.

The evidence wholly fails to show that he ever used appellant's name in telling this experience, or by innuendo or suggestion intimated that she was the person.

But it appears that in some unexplained way the appellant's name became associated with this episode, and several of the witnesses say they had heard this, and, therefore, thought from outside rumors that appellee when he was telling of it referred to appellant, although her name was never used by appellant.

Appellant testified that he had such an experience in his practice, but that he never told who the young woman was, *and that it was not appellant.* That since that time appellant had visited his daughters, and that he regarded her as a pure and good woman.

Clearly appellee was entitled to a peremptory instruction; and that being true the other questions made need not be noticed.

The fact that persons to whom appellee told this incident thought at the time from outside rumors that he referred to appellant, when in fact he did not, cannot make him liable.

The case, however, was submitted to the jury, and it found for defendant evidently because of the belief that he had never spoken the words of or concerning plaintiff.

It is only just to say that the record shows appellant to be a high-minded young woman, and to be educated and cultured far beyond the average girl in her station, and we are glad to say that this record instead of disclosing anything to her detriment, in fact affirmatively shows her to be above reproach.

Judgment affirmed.